correct his sentence under Rule 35(a). As we have previously determined, Montalvo has not shown that he is entitled to relief under Rule 35(a). *See* Fed. R. Crim. P. 35(a) (1987) (court "may correct an illegal sentence at any time"); *United States v. Montalvo*, 581 F.3d 1147, 1151-54 (9th Cir. 2009) (Montalvo's lifetime sentence is authorized by his statute of conviction and his process-based challenges are not properly raised under Rule 35(a)); *see also United States v. Montalvo*, 74 F.3d 1247, at *1 (9th Cir. 1996) (unpublished table decision) (Montalvo's sentence does not violate the Ex Post Facto Clause). We reject Montalvo's challenge to the magistrate judge's order of non-recusal.

Montalvo next contends that the district court abused its discretion in declaring him a vexatious litigant and imposing a pre-filing restriction against him. The district court did not abuse its discretion in imposing the order because it gave Montalvo notice and an opportunity to be heard, developed an adequate record for review, made substantive findings regarding Montalvo's frivolous litigation history, and tailored the restriction narrowly. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057-58 (9th Cir. 2007).

**AFFIRMED.**

**Audrey Dagmar TOMERLIN**
**Plaintiff-Appellant,**

v.

**The JOHNS HOPKINS UNIVERSITY, INC. Defendant-Appellee.**

**No. 15-56695**

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2017 *

Filed April 24, 2017

Audrey Dagmar Tomerlin, Pro Se

Tambry Bradford, Attorney, Pepper Hamilton LLP, Los Angeles, CA, Laurence Z. Shiekman, Pepper Hamilton LLP, Philadelphia, PA, for Defendant-Appellee

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

MEMORANDUM **

Audrey Dagmar Tomerlin appeals pro se from the district court's judgment dismissing her diversity action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction. *Assoc. of Am. Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000). We affirm.

The district court properly dismissed Tomerlin's action for lack of subject matter jurisdiction because the Maryland state